## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JAWANA KESHUN JACKSON, | Case No. 18-CV-3137 (JNE/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN NANETTE BARNES, | |
| Respondent. | |

Petitioner Jawana Keshun Jackson pleaded guilty in the United States District Court for the Northern District of Alabama to one count of bank robbery, *see* 18 U.S.C. § 2113(a), (d); and one count of carrying a firearm during and in relation to a crime of violence, *see* 18 U.S.C. § 924(c). Jackson received a 46-month term of imprisonment on the robbery count and a 120-month term of imprisonment on the firearm count, with the two terms to run consecutively. *See United States v. Jackson*, No. 2:09-CR-0453 (2) (VEH/JHE) (N.D Ala.). Since that time, Jackson has repeatedly attempted to challenge her sentence collaterally pursuant to 28 U.S.C. § 2255 in the Northern District of Alabama, but each of those attempts has proved unsuccessful.

On November 8, 2018, Jackson—who is now incarcerated at the Federal Correctional Institution in Waseca, Minnesota—filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (*See* Dkt. No. 1.) The habeas petition made clear that Jackson intended to contest the validity of her Alabama conviction or sentence (or both) in this proceeding, but was less clear about the exact legal claim she intended to raise.

1

Accordingly, this Court ordered Jackson to expand upon the basis of her claim for relief and explain why this Court had jurisdiction to consider such a claim in a habeas corpus proceeding.  (*See* Dkt. No. 3.)

Jackson has now responded to the Court's Order.  (*See* Dkt. No. 4.)  The basis of Jackson's claim appears to be that the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), renders her conviction for carrying a firearm during and in relation to a crime of violence invalid.  (*See id.* at 3.)  The contention that *Dimaya* and related cases might call into question the validity of some convictions under § 924(c) is not necessarily frivolous.  *See United States v. Davis*, No. 18-431, – S. Ct. – , 2019 WL 98544 (Jan. 4, 2019) (granting petition for writ of certiorari).  But "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241."  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  A narrow exception to this rule has been carved out where § 2255 "is inadequate or ineffective to test the legality" of the prisoner's detention.  28 U.S.C. § 2255(e).  In her response, though, Jackson seems to acknowledge that § 2255 is **not** inadequate or ineffective for her to raise her claim.[1]  (*See* Dkt. No. 4 at 3.)  Rather, Jackson may request authorization from the Eleventh Circuit Court of Appeals to bring a second or successive motion under § 2255 in the district of conviction.  *See* 28 U.S.C.

---

[1]     Even if Jackson did not intend to make this concession, her point would be correct: § 2255 is the exclusive vehicle for her to raise her claim under *Dimaya*.  *See, e.g.*, *Gibson v. Barnes*, No. 18-CV-1984 (JRT/HB), 2018 WL 5810515 (D. Minn. Nov. 6, 2018).

§ 2255(h).  And because § 2255 is not "inadequate or ineffective" for Jackson's purposes, *see* 28 U.S.C. § 2255(e), that provision is the exclusive remedy through which she may raise her claim.

Despite her acknowledgement, Jackson asks that the Court "allow her to proceed with her claim for relief."  (Dkt. No. 4 at 3.)  The exclusive remedy rule of § 2255(e), however, is jurisdictional.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  Section 2255 provides a procedural vehicle through which Jackson may raise her claim in the district of conviction, and this Court therefore cannot proceed to the merits of that claim.

That said, the Court is permitted, "if it is in the interest of justice," to transfer this matter "to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . ."  28 U.S.C. § 1631.  The appropriate step for Jackson to take would have been to request authorization from the Eleventh Circuit for her claim.  Because she has yet not done so, because an attempt to do so would not necessarily be futile, and because further delay might result in Jackson's claim becoming untimely, this Court recommends that this matter be transferred to the Eleventh Circuit for further consideration as a request for authorization to file a second or successive motion for relief under § 2255.  *See* 28 U.S.C. § 2255(h)(2); 28 U.S.C. § 1631.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **TRANSFERRED** to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated: January 14, 2019          *s/Elizabeth Cowan Wright*
                                 ELIZABETH COWAN WRIGHT
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).